UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES MICHAEL TYLER,            )
                                )
            Plaintiff,           )   Case No. 1:13-cv-277
                                )
v.                              )   Honorable Robert Holmes Bell
                                )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )   **REPORT AND RECOMMENDATION**
            Defendant.           )
_____)

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On January 20, 2009, plaintiff filed his application for DIB benefits. He filed his application for SSI benefits on November 4, 2009. He alleged a January 1, 2007 onset of disability.[1] (A.R. 122-30, 389-94). His disability insured status expired on December 31, 2010. Thus, it was plaintiff's burden on his claim for DIB benefits to submit evidence demonstrating that he was disabled on or before December 31, 2010. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, December 2009 is plaintiff's earliest possible entitlement to SSI benefits.

Plaintiff's claims were denied on initial review. (A.R. 70-77, 402-05). On June 6, 2011, he received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 411-62). On July 25, 2011, the ALJ issued his decision finding that plaintiff was not disabled. (A.R. 15-26). On January 17, 2013, the Appeals Council denied review (A.R. 5-7), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision. He argues that the Commissioner's decision should be overturned on the following grounds:

1. The ALJ "gave no valid reason" for his factual finding regarding plaintiff's credibility; and

2. The ALJ "gave no valid reason" for rejecting the opinions of Stephen Montes, D.O., a consultative examiner.

(Plf. Brief at 2, docket # 12). I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the

evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from January 1, 2007, through December 31, 2010, but not thereafter. (A.R. 17). Plaintiff had engaged in substantial gainful activity through March 2007, which precluded any onset

of disability before April 2007. (A.R. 16-17). The ALJ found that plaintiff had the following severe impairments: "s/p [status-post] remote compression fracture of thoracic vertebrae (T11 in 1984), s/p right biceps tendon rupture[2] and repair (6-09), obesity, and recurrent pneumonia." (A.R. 18). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 21). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). He could lift and carry 20 pounds occasionally and 10 pounds frequently; and in an 8-hour workday with normal breaks, he could stand and walk for a total of about 6 hours and could sit for a total of about six hours. He could occasionally reach, push and pull with the right upper extremity and has no limitations on the left upper extremity. He could frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl. He would be prohibited from working around dangerous machinery and at unprotected heights.

(A.R. 21-22). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (A.R. 22-23). The ALJ found that plaintiff was not disabled at step 4 of the sequential analysis because he was capable of performing his past relevant work as a batch mixer and a lathe operator. (A.R. 24).[3]

---

[2] Plaintiff suffered the injury to his right biceps on June 19, 2009, while lifting and carrying an air conditioner. (A.R. 264, 309-10, 428-29, 450).

[3] "Administrative law judges employ a five-step sequential inquiry to determine whether an adult claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that []he is not engaged in substantial gainful activity. Next, the claimant must demonstrate that []he has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that h[is] impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that []he is incapable of performing work that []he has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must

Alternatively, the ALJ found that plaintiff was not disabled at step 5 of the sequential analysis. Plaintiff was 41-years-old as of his alleged onset of disability, 45-years-old as of his date last disability insured, and 46-years-old as of the date of the ALJ's decision. Thus, at all times relevant to his claims for DIB and SSI benefits, he was classified as a younger individual. (A.R. 24). Plaintiff has at least a high school education and is able to communicate in English. (A.R. 24). The ALJ found that the transferability of jobs skills was not material to a determination of disability. (A.R. 24). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the VE testified that there were approximately 14,200 jobs in Michigan that the hypothetical person would be capable of performing. (A.R. 453-56). The ALJ found that this constituted a significant number of jobs. Using Rule 202.20 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 25).

**1.**

Plaintiff argues that the ALJ "gave no valid reason" for his factual finding regarding plaintiff's credibility. (Plf. Brief at 10-19; Reply Brief at 2-5). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does not make its own credibility determinations. *See*

---

be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

*Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

Plaintiff argues that the ALJ's factual finding regarding his credibility is not supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Heston v. Commissioner*, 245 F.3d at 534. The ALJ noted that plaintiff performed substantial gainful activity after his alleged onset of disability. (A.R. 22). In June 2009, years after his alleged onset of disability, plaintiff injured his right arm "while carrying an air conditioner to put in his son's bedroom." (A.R. 22). In addition, the ALJ observed that plaintiff was not taking any prescription pain medications. (A.R. 23). Plaintiff's use of over-the-counter pain medications undercut his claims of disabling pain. *Warner*

*v. Commissioner*, 375 F.3d 387, 392 (6th Cir. 2004). Although plaintiff claimed significant functional limitations stemming from attention deficit disorder (ADD), "the medical evidence d[id] not show any diagnosis or treatment of ADD." (A.R. 23). The ALJ's credibility finding is supported by more than substantial evidence, and the ALJ gave an adequate explanation why he found that plaintiff's testimony was not fully credible. *See Rogers v. Commissioner*, 486 F.3d 234, 247-49 (6th Cir. 2007).

**2.**

Plaintiff argues that the ALJ "gave no valid reason" for rejecting the opinions of Dr. Montes, a consultative examiner. (Plf. Brief at 19-20). The opinions of a consultative examiner are not entitled to any particular weight. *See Norris v. Commissioner*, 461 F. App'x 433, 439 (6th Cir. 2012). Dr. Montes saw plaintiff on one occasion, May 24, 2011. He prepared a report and completed a "Medical Provider's Assessment of Patient's Ability to do Physical Work-related Activities" for plaintiff's attorney. (A.R. 347-60; *see also* A.R. 203, 459-60). Dr. Montes expressed an opinion that plaintiff had extreme functional restrictions and that those restrictions had existed more than four years before his first and only interaction with plaintiff.

There is "nothing fundamentally wrong with a lawyer sending a client to a doctor." *Blankenship v. Bowen,* 874 F.2d 1116, 1122 n. 8 (6th Cir. 1989) (*per curiam*). Courts have recognized that the results of a consultative examination should not be rejected "solely" because it was arranged and paid for by the plaintiff's attorney. *See Hinton v. Massanari*, 13 F. App'x 819, 824 (10th Cir. 2001) ("An ALJ may certainly question a doctor's credibility when the opinion, as here, was solicited by counsel. ... The ALJ may not automatically reject the opinion for that reason alone,

however."). Some courts have criticized ALJs for referring to opinions like Dr. Montes's as "purchased opinions," but such statements do not provide a basis for overturning an ALJ's decision. *See, e.g.*, *Mason ex rel. Mason v. Astrue*, No. 10-621-M, 2011 WL 2670005, at *6 (S.D. Ala. July 6, 2011); *Milan v. Commissioner*, No. 09-1065, 2010 WL 1372421, at *10 n.3 (D. N.J. Mar. 31, 2010). Here, the ALJ did not reject Dr. Montes's opinions "solely" or even primarily on the basis that his one-time examination occurred on a referral from plaintiff's counsel. It was entirely appropriate for the ALJ to note that Dr. Montes had examined plaintiff on a referral from plaintiff's attorney and that the purpose of the examination was to generate evidence in support of plaintiff's claims for DIB and SSI benefits. *See DeVoll v. Commissioner*, No. 99-1450, 2000 WL 1529803, at *1 (6th Cir. Oct. 6, 2000); *Pentecost v. Secretary of Health & Human Servs.*, No. 89–5014, 1989 WL 96521, at *1 (6th Cir. Aug. 22, 1989); *see also Gilmore v. Astrue*, No. 2:10-54, 2011 WL 2682990, at *8 (M.D. Tenn. July 11, 2011).

Plaintiff concedes that Dr. Montes was not a treating physician. (Plf. Brief at 20). The treating physician rule does not apply to his opinions. *See Smith v. Commissioner*, 482 F.3d 873, 876 (6th Cir. 2007). Because Dr. Montes was not a treating physician, the ALJ was not "under any special obligation to defer to [his] opinion[s] or to explain why he elected not to defer to [them]." *Karger v. Commissioner*, 414 F. App'x 739, 744 (6th Cir. 2011); *see Ealy v. Commissioner*, 594 F.3d 504, 514 (6th Cir. 2010); *see also Perry ex rel. G.D. v. Commissioner*, 501 F. App'x 425, 426 (6th Cir. 2012) ("An ALJ need not 'give good reasons' for the weight he assigns opinions from physicians who . . . have examined but not treated a claimant."). Montes's opinions on disability, RFC, and other issues reserved to the Commissioner were not entitled to any special significance. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). The ALJ is responsible for weighing

conflicting medical opinions, not the court. *See Buxton*, 246 F.3d at 775; *see also Reynolds v. Commissioner*, 424 F. App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ."); *accord White v. Commissioner*, 572 F.3d at 284. The ALJ carefully considered Dr. Montes's opinions and determined that the extreme restrictions he suggested were entitled to little weight. (A.R. 20, 23). Among other things, the ALJ noted that the restrictions suggested by Dr. Montes were inconsistent with the medical evidence and the record as a whole, including the opinion of plaintiff's primary care physician, Sharon Handy, M.D. (A.R. 23). The ALJ's decision to give little weight to Dr. Montes's opinions is well-supported and entirely consistent with applicable law.

Plaintiff makes a passing argument that R. Scott Lazzara, M.D., another consultative examiner, saw him "for less time than Dr. Montes." (Plf. Brief at 20). This does not approach satisfying plaintiff's burden. According to plaintiff, the examinations lasted an hour or less (A.R. 456-57), and there is no rule that the longest consultative examination must prevail. The ALJ was well aware of plaintiff's testimony and the fact that "Dr. Lazzara saw the claimant on one occasion." (A.R. 23; *see* A.R. 18, 266-71). Dr. Lazzara examined plaintiff on July 21, 2011. Plaintiff's right arm was still in a cast from his then-recent injury sustained while carrying an air conditioner. (A.R. 268, 271). Plaintiff's grip strength and dexterity on the left remained intact. (A.R. 269). He weighed 308 pounds and his height was 5' 9 ½". He walked with a "wide based gait without the use of an assistive device." (A.R. 271). The ALJ found that Dr. Lazzara's assessment of plaintiff's abilities was persuasive because it was "supported by other medical evidence of record." (A.R. 23). This was in contrast to Dr. Montes's "very extreme assessment" which "allow[ed] no use of the

hands" and asserted that plaintiff should "never" engage in any of the activities listed on pages 2 and 3 of the RFC questionnaire. (A.R. 358-59). The ALJ found that the extreme restrictions suggested by Dr. Montes were not well supported. (A.R. 23). I find no error.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: February 24, 2014          /s/  Joseph G. Scoville
                                  United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).